UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES PAGE,

           Plaintiff,                        Case Number 07-14873
                                                       Honorable David M. Lawson
v.                                                        Magistrate Judge Michael J. Hluchaniuk

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT, AND DISMISSING THE COMPLAINT IN PART
AND AFFIRMING THE COMMISSIONER**

The plaintiff filed the present action on November 13, 2007 seeking review of the Commissioner's decision denying the plaintiff's request to withdraw his application for supplemental security income (SSI) benefits under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Steven D. Pepe pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3), and reassigned to Magistrate Judge Michael J. Hluchaniuk on January 14, 2008. Thereafter, the plaintiff filed a motion for summary judgment asking the Court to allow him to withdraw his application for SSI without repaying money that he received under the program and compel the State of Michigan to return all money paid to it as reimbursement for the need-based aid it had paid to the plaintiff while his SSI application was pending. The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Hluchaniuk filed a report on February 19, 2009 recommending that the plaintiff's motion for judgment be denied, the defendant's motion for summary judgment be granted, the case be dismissed in part for want of jurisdiction, and the findings of the Commissioner affirmed in part.

The plaintiff filed timely objections to the recommendation. This matter is now before the Court for *de novo* review.

The Court has reviewed the file, the report and recommendation and the plaintiff's objections, and has made a *de novo* review of the administrative record in light of the parties' submissions. The plaintiff's motion for judgment and supporting brief is hardly a model of clarity or erudition. In fact, the arguments are undeveloped and devoid of supporting authority. The plaintiff's position has evolved with each new filing, and the objections to Judge Hluchaniuk's report contain arguments not presented earlier in the lawsuit. It appears to be the plaintiff's position he was entitled to apply for SSI benefits in conjunction with his application for disability insurance benefits (DIB) under Title II of the Social Security Act, seek interim need-based aid from the State of Michigan, sign a reimbursement agreement in which he promised to repay the state aid if his SSI application were granted, receive state aid, and then withdraw his SSI application after it was granted and he received a retroactive lump-sum payment plus two monthly SSI payments, all without repaying the benefits received. The State was reimbursed from the proceeds of the lump-sum payment in accordance with the reimbursement agreement. The plaintiff seeks to undo all of that and leave the State to its own devices to recoup the funds paid to the plaintiff, while the plaintiff is able to receive DIB, which is not subject to the reimbursement agreement. The administrative law judge rejected that argument, as did the magistrate judge, based on the simple premise that the Secretary's regulations condition withdrawal of an application for benefits post-determination upon the requirement that "[a]ll benefits already paid based on the application are repaid or we are satisfied that they will be repaid," 20 C.F.R. § 416.355(b)(3), and the plaintiff failed to satisfy that condition.

In his objections, the plaintiff argues that Social Security Ruling (SSR) 65-17 shows that the Commissioner improperly calculated and paid SSI benefits before determining the DIB. Second, he contends that the magistrate judge erred by deeming as waived other arguments because they were too skeletal to preserve his claim, quoting a part of SSR 65-17 that seems to have nothing to do with the argument and stating that in the ruling, the "Court [sic] was wholey [sic] sympathetic to the claimant," Pl.'s Obj. at 7, and that the intention of the ruling was to prevent inequities. Third, the plaintiff appears to object to the magistrate judge's conclusion that he has not met the prerequisites for relief "because . . . the windfall offset provision has been applied to the claimant's concurrent claim and the Social Security Administration has already offest [sic] the monies paid to the State of Michigan as well as any other SSI monies he received." *Id.* at 8. Fourth, he objects to the finding that the Court lacks subject matter jurisdiction, quoting "SI 02003.045" that states that an individual may appeal an adverse determination to the Social Security Administration. Fifth, the magistrate judge's conclusion is "wholely absurb [sic]" based on the quote in the fourth objection. Sixth, issues regarding the interim assistance reimbursement program are subject to judicial review for the reasons stated earlier and also based on the SSA's procedure for treating withdrawn SSI applications. Seventh, the "Social Security Administration's Programs Operation Manual Rule" establishes "that a DIB claim can be paid first . . . to obtain a withdrawal of the SSI claim." *Id.* at 14. Eighth, the plaintiff argues that there is no evidence of a signed Interim Reimbursement Agreement (IRA), and one should be produced. Finally, although not identified as an objection, the plaintiff's attorney states that he has had three other claims with similar circumstances, and they have been resolved in different ways by the SSA, suggesting clarity is needed.

The plaintiff, who is currently sixty-two years old, applied for disability insurance benefits and SSI on September 23, 1999. He has a GED and had worked as a janitor, laborer, and dishwasher at various times until 1999. He claims he became disabled as a result of asthma, chronic obstructive pulmonary disease, a substance abuse addiction, and an affective disorder.

The plaintiff's applications for disability insurance benefits and SSI were denied initially. The plaintiff made a timely request for an administrative hearing. On November 27, 2002, following another hearing, administrative law judge (ALJ) J. Thomas McGovern filed a decision finding that the plaintiff was disabled and entitled to disability insurance benefits and SSI.

The plaintiff filed a motion for reconsideration on March 31, 2003, asking that he be permitted to withdraw his application for SSI and have the DIB processed first. This request was denied by ALJ Lubomyr M. Jachnycky on June 9, 2006. The ALJ found that the plaintiff had signed a reimbursement agreement with the Michigan Family Independence Agency (now Department of Human Services (DHS)) so that he could receive state disability benefits while his application for SSI pended with the Social Security Administration (SSA). The SSA granted his application for DIB and SSI, and because the DIB benefits were more than SSI, he was only entitled to the DIB benefits under the so-called "windfall" offset provision, 42 U.S.C. § 1320a-6. SSI was calculated, a lump-sum retroactive payment was made, and checks were sent for at least two months before the DIB checks were processed, as is the current policy of the SSA. A portion of the SSI retroactive payment was sent to the State for reimbursement. Because the SSA's regulation requires that the plaintiff repay the SSI benefits received, including the money paid to the State, before he can withdraw his application for SSI, the ALJ denied the plaintiff's request to withdraw his application.

Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on August 22, 2007.

The plaintiff then commenced this action for review of the Commissioner's decision under 42 U.S.C. § 405(g), which provides that the Commissioner's findings are conclusive if they are supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (internal quotation omitted); *see also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir. 1997). The plaintiff filed a motion for summary judgment in June 2008 and a month later moved to file an amended complaint seeking class certification. The defendant filed a motion for summary judgment in August 2008.

Although the plaintiff nominally seeks class certification, he has not furnished any evidence or argument addressing the requirements of Federal Rule of Civil Procedure 23(a) or (b). In the absence of even the most meager attempt at satisfying these elements, the Court will not permit the amendment of the complaint. *See generally, Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997) (citing Fed. R. Civ. P. 23(a)); *Olden v. LaFarge Corp.*, 203 F.R.D. 254, 268 (E.D. Mich. 2001), *aff'd* 383 F.3d 495 (6th Cir. 2004) (noting that a party seeking class certification must establish that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims and defenses of the representative parties are typical of the claims and defenses of the class; and (4) the representative parties will

fairly and adequately protect the interests of the class); *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998) (en banc) (holding that to be certified, a class must meet all of the prerequisites of Rule 23(a) plus one of those listed in Rule 23(b)); *Thompson v. County of Medina*, 29 F.3d 238, 241 (6th Cir. 1994) (holding that the movant bears the burden of establishing that all prerequisites for class certification are satisfied).

It was not until he filed his objections to the magistrate's report that the plaintiff addressed the question of the Court's jurisdiction to entertain his request that the State be required to return the reimbursement payment that came from the lump-sum retroactive SSI payment. Ths magistrate judge raised that issue *sua sponte* for the first time, as he was required to do. *See Dealer Computer Services, Inc. v. Dub Herring Ford*, 547 F.3d 558, 560 (6th Cir. 2008) (holding that courts "must *sua sponte* police our own jurisdiction" (quoting *Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir. 2006))). The plaintiff, therefore, cannot be criticized for not raising his jurisdiction argument sooner. However, his response to the report falls considerably short of the mark. The magistrate judge cited an Act of Congress, 42 U.S.C. § 1383(g), to support the conclusion that the Court lacks jurisdiction to undo the reimbursement payment to the State of Michigan from the plaintiff's SSI benefits, as explained by the court in *Trotta v. Sec'y of Health and Human Serv.*, 765 F. Supp. 29 (D. Mass. 1991). In response, the plaintiff characterizes the magistrate judge's reasoning as "wholly absurb [sic]," and references a provision of the SSA's Program Operations Manual stating that claimants may appeal a determination of the "*amount* of money" withheld for reimbursement. SI 02003.045 IRA Appeals (emphasis added). The distinction between challenging a state's right to reimbursement and contesting the amount withheld was discussed by the magistrate judge, R&R at

28 n.3, but not addressed by the plaintiff. The plaintiff's objections to this portion of the report lack merit.

The balance of the plaintiff's objections raise issues or arguments never before presented to the magistrate judge. Courts generally will not consider arguments on review that were not raised before the magistrate judge:

> Petitioner did not raise this claim in his initial § 2255 motion. Rather, it was first raised in his supplemental objections to the magistrate judge's final Report and Recommendation. The magistrate thus never had the opportunity to consider this issue. Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate. *See United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) ("issues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived")); *see also Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994); *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *Anna Ready Mix, Inc. v. N.E. Pierson Constr. Co., Inc.*, 747 F. Supp. 1299, 1302-03 (S.D. Ill. 1990). Hence, Petitioner's failure to raise this claim before the magistrate constitutes waiver.

*Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) (stating that the Magistrates Act was not intended "to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court"), *rev'd on other grounds United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992) (en banc); *Jesselson v. Outlet Assocs. of Williamsburg*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991) ("A magistrate's decision should not be disturbed on the basis of arguments not presented to him.").

More importantly, however, the objections do not address the core issue in this case, which was discussed in detail by the magistrate judge. He concluded that the SSA had the authority to calculate the payment of benefits to the plaintiff as it did, that is, by processing the SSI claim first,

effectuating reimbursement to the State, and then processing the DIB claim. As the magistrate judge stated, that practice is entirely consistent with the advancement of Congressional policy. R&R at 21-24 (quoting *Baker v. Bowen*, 839 F.2d 1197, 1200-01 (6th Cir. 1988). The Court agrees with the magistrate judge's reasoning and conclusion on this point and adopts it as its own.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion. The Court has considered all of the plaintiff's objections to the report and finds that they are waived or lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 25] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #12] is **DENIED** and the defendant's motion for summary judgment [dkt. #22] is **GRANTED**.

It is further **ORDERED** that the plaintiff's amended motion to amend the complaint [dkt #18] is **DENIED**.

It is further **ORDERED** that the defendant's motion for extension of time to file a response to the plaintiff's objections [dkt. #29] is **DENIED AS MOOT**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED** and the complaint is **DISMISSED**.

                                              s/David M. Lawson  
                                              DAVID M. LAWSON  
                                              United States District Judge

Dated:   March 25, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 25, 2009.

s/Lisa M. Ware<br>LISA M. WARE